UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DENNIS ALAN FIELD,

      Plaintiff,

v.

BANK OF AMERICA,

      Defendant.

Civil No. 10-4057 (DWF/LIB)

**REPORT AND RECOMMENDATION**

      This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

      Plaintiff commenced this action by filing a civil complaint against Defendant Bank of America. (Docket No. 1.) The Court reviewed that pleading, and found it to be fatally defective, because Plaintiff failed to allege any specific historical facts that could support any actionable claim for relief against the named Defendant. In an order dated October 7, 2010, (Docket No. 3), the Court informed Plaintiff about the inadequacy of his complaint. Plaintiff was further informed that if he intended to pursue this action, he would have to file an amended complaint that would address, and cure, the defects found in his initial pleading.

      Plaintiff recently filed an amended complaint, (Docket No. 6), which is now before

the Court. Plaintiff's amended complaint, repeated verbatim and in its entirety, reads as follows:

> "COMES NOW Dennis Alan Field in an amended complaint against the Bank of America for fraudulent and illicit use of mortgage note to illegally gain monetary assets by selling such said note to the MERS Corporation, in which is illegal and fraud as was incorporated by the original Constitution of the United States of America.
>
> On July 30, 2009 The MERS Corporation sold, assigned and transferred the original mortgage as recorded in Beltrami County, Document No. A000452480. To BAC Home Loans Servicing in an attempt to collect any and all outstanding debts incurred/owed to such said bank, hereby unlawfully and unconstitutionally gaining monetary assets such as federal reserve notes during such transaction to relieve thyself from any responsibility or interest of such said mortgage note previously incurred by such litigants as Dennis A Field and/or Kimberly J Field.
>
> A similar case was filed in Scott County Minnesota ruling in favor of Jerome Daly, the property owner over the First National Bank of Montgomery. Enclosed are the Findings of Fact, Conclusions of Law and Judgment signed by Justice of the Peace, Martin V. Mahoney, Credit River Township, Scott County, Minnesota.
>
> I, Dennis Alan Field, therefore, hold these notes in question, void and not effectual for any purpose, whatsoever."

Plaintiff has attached several exhibits to his amended complaint. Most of the exhibits pertain to a 1968-1969 court case, identified as "First National Bank of Montgomery v. Jerome Daly," which purportedly was adjudicated by a justice of the peace of a Minnesota township. Plaintiff obviously believes that this Daly case somehow provides some legal support for his current lawsuit.[1] However, Plaintiff's exhibits do not shed any

---

[1] The Daly case appears to be an anomalous proceeding that has gained legendary status in a small corner of the internet blogosphere. The case purportedly holds that mortgage loans are not enforceable, because mortgage lenders fraudulently create the money they lend, by simply making entries on a ledger sheet. (The justice of the peace responsible for Daly apparently has become revered among the case's devotees, for declaring that "only God can create something of value out of nothing.") According to Daly,

additional light on the factual basis for this action.

**II. DISCUSSION**

As pointed out in this Court's prior order, an IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal remedy against the named defendant based on some cognizable legal theory. Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

---

because mortgage lenders have not given anything of value, (as the money at issue supposedly never really existed), their mortgage loan agreements are void and unenforceable due to lack of consideration. Needless to say, Daly itself is a fraud that has been rejected by other courts. See e.g., Vecchione v. US Bank National Ass'n, No. 5:09-CV-59-FL, (E.D.N.C. 2009), 2009 WL 1073222 at *1 ("In support of his arguments, plaintiff cites a variety of laws which have no application to his current case, and to an unreported Minnesota case in which a justice of the peace accepted the similar arguments of a defendant who sought to prevent the foreclosure of his house by contending that the loan provided by the bank had been created out of thin air.... The case cited by plaintiff has long since been overruled by the Minnesota Supreme Court, but nevertheless appears to have found favor among litigants filing frivolous challenges to the United States banking system."); Sneed v. Chase Home Finance LLC, No. 07CV07-LAB (AJB), (S.D.Cal. 2007), 2007 WL 1851674 at *4 ("the Minnesota cases cited by Plaintiff are not only unreported, but they have been vacated by the Minnesota Supreme Court in reported decisions. See In re Daly, 284 Minn. 567, 171 N.W.2d 818; Zurn v. Northwestern Nat. Bank of Minneapolis, 170 N.W.2d 600, 284 Minn. 573 (Minn.1969); Daly v. Savage State Bank, 171 N.W.2d 218, 218, 285 Minn. 503, 503 (Minn.1969). Plaintiff is hereby admonished she must not cite any decision under which Justice Martin Mahoney purported to question the validity of federal currency or the Constitutionality of the Federal Reserve Act, nor may she cite any opinion or decision as authoritative which no longer has authoritative status").

Plaintiff's current pleading fails to state an actionable claim for relief, because it does not describe any specific acts or omissions by the named Defendant that would entitle Plaintiff to any legal remedy against Defendant under any legal theory. The amended complaint includes only a single allegation regarding the named Defendant – i.e., that Defendant sold a mortgage note to a third party identified as MERS Corporation. That allegation alone cannot support any cause of action against Defendant.

Plaintiff claims that Defendant somehow acted illegally, fraudulently and unconstitutionally, but that is merely a conclusory assertion. Plaintiff may believe that the sale of a mortgage note is somehow inherently illegal, fraudulent or unconstitutional, but that simply is not so. In order to state an actionable claim against Defendant, Plaintiff would have to describe something that Defendant did, (or failed to do), that caused the alleged sale of the mortgage note to be illegal, fraudulent or unconstitutional. Plaintiff has not done that here.

It is readily apparent that Plaintiff's amended complaint does <u>not</u> cure the deficiencies found in his original pleading. He still has not provided a coherent description of the historical <u>facts</u> on which this action is based. The amended complaint also does not adequately identify the legal basis for this lawsuit; nor does it adequately explain the relief, (if any), that Plaintiff is seeking in this matter.

Thus, the Court finds that, even when afforded the benefit of liberal construction, Plaintiff's amended complaint, like his original pleading, fails to state a cause of action on which relief can be granted. Because Plaintiff has failed (again) to plead an actionable claim for relief against the named Defendant, the Court will now recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 2), be DENIED; and

2. This action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: February 22, 2011

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

## N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by March 8, 2011**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.